*558 Tbe opinion of tbe Court was delivered by
WhitNEB, J.
Tbe ground of appeal alleges error on tbe part of tbe Circuit Judge in bis instructions to tbe jury on tbe subject of damages.
This was an action on tbe case brought for tbe obstruction of a right of way through tbe lands of one of tbe defendants. We are informed by tbe report prepared by counsel, tbat.it was not stated in any count in tbe declaration that tbe plaintiff bad sustained any special damage from any act of tbe defendant; and we'learn further that this was a third action for tbe same cause; that no objection was made to any evi-_ dence offered;' and that, in point of fact, there was not any evidence received of any special damage sustained.
There is some confusion in tbe terms used on tbe matter of damages, as set forth in tbe report and ground of appeal; and we might be at some loss to apprehend with certainty tbe precise character of tbe complaint, but tbe written argument submitted by counsel explains very fully tbe sense in which be is to be understood. “ By consequential damages is meant those damages which, though tbe natural consequences of tbe act complained of, are not tbe necessary result of it,and such as are generally termed in tbe books special damages''
Tbe validity of tbe declaration is not called in question, as it is conceded in tbe argument, that in order to sustain this action it was not necessary to-allege and prove any special damage.
We have no complaint of tbe admission of incompetent testimony; for “ whenever tbe damages sustained have not necessarily accrued from tbe act complained of, and consequently are not implied by law, then in order to prevent tbe surprise on tbe defendant which might otherwise ensue on tbe trial, tbe plaintiff must in general state tbe particular damage which be has sustained or Tie will not be permitted to give evidence of it." 1 Chit. Pl., 396. Where tbe law pre *559 sumes a damage to tbe plaintiff from tbe facts alleged, no special damage need be alleged. 11 Pick. 484; 13 Ves. 386.
In tbe case before us, no sucb objection was made; and for tbe reason, as we are now informed, no sucb evidence was offered or urged in tbe argument, and we are at a loss to perceive in wbat way possible, injury could result, even upon tbe theory now presented by appellant. Without raising any issue as to tbe precise instructions given to tbe jury, it is manifest that tbe verdict was not, because it could not, from tbe nature of things, be based on sucb considerations as constitute tbe grounds of present complaint.
Tbe jury were properly told it was competent for them to give punitive or vindictive damages; and surely if a third resort to a legal remedy was rendered necessary, this was a wholesome administration. Tbe amount of tbe verdict under sucb circumstances does not furnish tbe slightest presumption that tbe jury labored under any mistake.
It is said no injustice will be done by sending tbe case back, tbe end to be attained being to inform the defendant of tbe specific ground upon which damages are claimed, that be may be prepared to meet them. Yet, it is well replied, the declaration already contains all that may be truthfully alleged; sucb damages only are claimed as tbe law presumes or implies to have accrued from tbe wrong complained of; no injustice has been done by surprise to tbe defendant in bearing testimony that should have been excluded; there is no room to conjecture that tbe verdict was given without sufficient evidence or upon a false assumption of facts.
Tbe motion for a new trial is dismissed.
O’Neall, Wardlaw, Withers, and Munro, JJ., concurred.

Motion dismissed.